Commonwealth *v.* Lucas, Appellant.

Submitted November 15, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert D. Hain,* for appellant.

*Bernard L. Siegel,* First Assistant District Attorney, and *R. Gordon Kennedy,* District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., December 11, 1974:

On September 9, 1968, the appellant pleaded guilty to burglary and assault with intent to kill. After petitioning the lower court under the Post Conviction Hearing Act, on February 7, 1973, his right to a direct appeal was restored nunc pro tunc. The only issue raised is whether appellant's guilty plea was invalid because it was not entered voluntarily, knowingly and intelligently. The appellant argues that the colloquy conducted prior to the acceptance of the guilty plea failed to establish (1) that the appellant understood the nature of the charges to which he pleaded guilty and (2) that there was a factual basis for the plea.

It is true that today a colloquy conducted prior to the acceptance of a guilty plea must show that the defendant understands the nature of the charges and the record must disclose that the elements of the crime or crimes charged were outlined in understandable terms. *Commonwealth v. Ingram,* 455 Pa. 198 (1974);

*Commonwealth v. Campbell,* 451 Pa. 465 (1973); *Commonwealth v. Jackson,* 450 Pa. 417 (1973). It is also true that today a colloquy must show the existence of a factual basis for the plea. *Commonwealth v. Maddox,* 450 Pa. 406 (1973); *Commonwealth v. Jackson,* supra. In the instant case, however, the guilty plea was entered in 1968; and, therefore the standard to be used is not today's standards because "new decisions standardizing the procedure for the entrance of guilty pleas should only be prospectively applied." *Commonwealth v. McKee,* 226 Pa. Superior Ct. 196, 202-203 (1973).

In 1968 the case which governed this area was *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102 (1968). In that case the court stated at p. 106: "The trial court is *best advised* to conduct an on the record examination of the defendant which should include, inter alia, an attempt to satisfy itself that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged and the permissible range of sentences." (Emphasis added.) From this language it can be seen that, unlike today, it was not mandatory in 1968 that the record disclose that the elements of the crimes were outlined or that a factual basis existed. This is not to say that a guilty plea could be constitutionally valid if it was less than voluntarily, knowingly and intelligently entered. In this case the trial judge advised the defendant of his right to stand trial and of his right to have the aid of an attorney; that by a plea of guilty the defendant was admitting his guilt in open court; that he had a right to have an attorney present at his sentencing. He also asked the defendant if he understood the nature of the charges against him; advised the defendant of the maximum penalty of the charges; asked the defendant if he was pleading guilty because he did, in fact, commit the acts; asked the de-

fendant if the plea had been induced by any promises or threats; asked if the defendant understood the consequences of entering the plea; asked if the defendant's plea was entered voluntarily of his own free will and because he was guilty and for no other reason; and, asked if the defendant had discussed this plea with his attorney. In light of the above colloquy we hold that the plea was voluntarily, knowingly and intelligently entered.

Order affirmed.