Commonwealth *v.* Dixon, Appellant.

Submitted April 18, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John R. Cook,* Trial Defender, *John J. Dean,* Chief, Appellate Division, and *Ralph J. Cappy,* Public Defender, for appellant.

*Robert L. Eberhardt,* Assistant District Attorney, *John M. Tighe,* First Assistant District Attorney, and *John J. Hickton,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., December 1, 1975:

On October 24, 1972, appellant Bernard Dixon, assigned to the Ile Elegbra Community Treatment Center after a conviction for robbery and receiving stolen goods, decided that he "didn't want to stay there any more," and left. On August 25, 1973, appellant was nearly apprehended in the revolving doors of Kaufmann's Department Store in Pittsburgh while attempting to remove $177 worth of women's clothing from the store. A coat dropped by the fleeing Dixon contained not only the women's clothing, but also a tag with the name "Bernard Dixon" on it. Appellant was arrested on October 1, 1973; on January 25, 1974, he pled guilty to charges of theft and prison breach, and was sentenced to a term of 3½ months to 3 years for prison breach. Sentence was suspended on the charge of theft. Following the refusal of the lower court to permit appellant to withdraw his guilty plea, appeal was taken to this Court.

Pennsylvania Rule of Criminal Procedure 319(a) specifies that a judge shall not accept a plea of guilty unless he determines after an on-the-record inquiry of the defendant that the plea was voluntarily and understandingly tendered. Before our Supreme Court decided *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974), it was less than clear what type of inquiry was required under this rule before a trial judge could accept a guilty plea. It was required, however, that a factual basis for the plea be demonstrated, and that the defendant understand the nature of the charges against him. See *Commonwealth v. Campbell,* 451 Pa. 465, 304 A.2d 121 (1973); *Commonwealth v. Jackson,* 450 Pa. 417, 299 A.2d 209 (1973); *Commonwealth v. Maddox,* 450 Pa. 406, 300 A.2d 503 (1973); *Commonwealth v. Kearse,* 233 Pa. Superior Ct. 489, 491-492, 334 A.2d 720, 721-722 (1975). In the case before us, the entire colloquy which took place before the lower court accepted the guilty plea went as follows:

"By Mr. Cohen (to the Defendant):

Q. You are Bernard Dixon?

A. Yes.

Q. How old are you?

A. Twenty three.

Q. You are here in court charged with theft and prison breach, is that right?

A. Yes.

Q. And you read, write, and understand the English language?

A. Yes.

Q. How far did you go in school?

A. Tenth.

Q. You know that you have the right to a trial by jury and all twelve jurors would have to find you guilty before you could be convicted on each of these several cases, you know that?

A. Yes.

Q. Also you have the right to request the two cases be heard non-jury, you know you have that right also?

A. Yes, sir.

Q. Nevertheless is it your independent decision after discussion with me to enter a plea of guilty to both of the charges?

A. Yes.

Q. Why are you pleading guilty?

A. Yes, I am, I plead guilty.

Q. Are you pleading guilty because in fact you are guilty?

A. Yes, sir.

Q. Have there been any threats or promises of any kind made to you to induce you to enter a plea?

A. No, sir.

The Court: The Court accepts the plea."

Even under pre-*Ingram* standards, the preceding colloquy was insufficient to establish that the guilty plea was voluntarily and understandingly tendered. We therefore reverse and remand for a new trial.

SPAETH, J., did not participate in the consideration or decision of this case.