Commonwealth *v.* Brown, Appellant.

Submitted September 8, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Richard F. Furia,* for appellant.

*Steven H. Goldblatt,* Assistant District Attorney, and *F. Emmett Fitzpatrick,* District Attorney, for Commonwealth, appellee.

OPINION BY JACOBS, J., February 2, 1976:

This is an appeal from the judgment of sentence of the court below following appellant's August 20, 1974 pleas of guilty to aggravated assault, robbery, possessing

an instrument of crime and other related offenses. These charges arose from a December 15, 1973 robbery of a bar in the city of Philadelphia involving three men armed with a shotgun and a rifle. Appellant was sentenced to a term of three to ten years on the robbery charge; sentences on the related charges were suspended.

Appellant raises a number of arguments here, only one of which need be considered in view of our disposition of his appeal. Appellant's first contention is that the court below erred in accepting his guilty pleas without first establishing that a factual basis for acceptance existed. In support of this argument, appellant cites *Commonwealth v. Vaughn*, 459 Pa. 35, 326 A.2d 393 (1974), *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974), and *Commonwealth v. Maddox*, 450 Pa. 406, 300 A.2d 503 (1973).

After review of the record in light of the foregoing cases and our recent decision in *Commonwealth v. Kearse*, 233 Pa. Superior Ct. 489, 334 A.2d 720 (1975), we conclude that appellant's argument is meritorious. We therefore reverse and remand for a new trial.

The record reveals that the guilty plea colloquy occurred on August 20, 1974, before Judge RICHETTE. The major portion of the colloquy was conducted by counsel for the Commonwealth. It is well-settled that this procedure was proper. *See, e.g., Commonwealth v. Ingram*, supra. Although the colloquy was otherwise substantially complete by *Ingram* standards, there is no indication that appellant was properly informed of the nature of the offenses with which he was charged nor is there a record indication that he understood that his admitted acts constituted that offense. *Commonwealth v. Jackson*, 450 Pa. 417, 299 A.2d 209 (1973) ; *Commonwealth v. Maddox*, supra.

The record does not show that the factual basis for the charges against appellant was explained to him, *see Commonwealth v. Mack*, 230 Pa. Superior Ct. 596, 326 A.2d 881 (1974), nor that a factual basis for the plea

existed *prior* to acceptance of the guilty pleas. *Commonwealth v. Kearse,* supra. Appellant was asked if he understood that he was charged with robbery, criminal conspiracy, possessing instruments of crime, violation of the Uniform Firearms Act and aggravated assault. No further explanation of the nature of the crimes charged nor of the factual basis therefore was offered.[1]

The record does indicate that *following* the acceptance of the plea, counsel for the Commonwealth summarized the facts. However, this Court held in *Commonwealth v. Kearse,* supra, which must control here, that the record must show an exploration with the defendant of his understanding or agreement on the *factual basis* for his plea *prior to* its entry.

The lack of a record showing that, prior to acceptance of the guilty plea, appellant had a factual understanding of the nature of the charge negates the validity of the plea. *Commonwealth v. Ingram,* supra; *Commonwealth v. Campbell,* 451 Pa. 465, 304 A.2d 121 (1973); *Commonwealth v. Jackson,* supra; *Commonwealth v. Maddox,* supra; *Commonwealth v. Kearse,* supra; *Commonwealth v. Mack,* supra; *Commonwealth v. Turman,* 230 Pa. Superior Ct. 356, 326 A.2d 891 (1974).

Judgment reversed and a new trial granted.

---

CONCURRING OPINION BY PRICE, J.:

I agree with the majority that this case must be remanded for a new trial because of the inadequacy of the

---

1. Appellant did not argue that the elements of the crimes charged were not explained to him. Although not a basis for our decision here, we note that the colloquy must not only establish that a factual basis for the plea existed but also that the elements of the crimes were outlined in understandable terms. *Commonwealth v. Lucas,* 231 Pa. Superior Ct. 126, 331 A.2d 688 (1974). A mere recitation of the names of the crimes charged does not fulfill this requirement. *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974). *See Commonwealth v. Minor,* 231 Pa. Superior Ct. 139, 332 A.2d 495 (1974).

pre-plea colloquy. However, I think it worthwhile to explain the reasoning by which I reach that decision.

The guilty plea in this case was accepted by the lower court on August 20, 1974. On August 19, 1974, a suppression hearing was held, involving copious testimony of witnesses and victims. The alleged criminal activity of the appellant was related in detail, and, of course, the appellant was present in the courtroom for the hearing. In light of these facts, I have no difficulty in concluding that appellant was informed of the nature of the offenses with which he was charged.

In addition, there can be no doubt that the suppression hearing testimony revealed a factual basis for the plea. Had the plea been accepted by the same judge who presided over the suppression hearing, I would be able to conclude that the pre-plea colloquy was adequate under the Pa.R.Crim.P. 319(a). However, that was not the case, and a factual basis for the plea was not properly established in front of the judge who accepted it. As I construe the authoritative decisions on this subject, the judge who accepts the plea is under an obligation to ascertain that there is a factual basis for the plea. That did not happen in this case, hence my concurrence.