397 A.2d 434

**COMMONWEALTH of Pennsylvania**

v.

**Viking DYAS, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 26, 1978.
Decided Jan. 31, 1979.

130

Joel S. Perr, Pittsburgh, for appellant.

Charles W. Johns, Pittsburgh, for Commonwealth, appellee.

Before PRICE, HESTER and WATKINS, JJ.

HESTER, Judge:

This is an appeal from the Judgment of Sentence of the Court of Common Pleas of Allegheny County, Criminal Division, imposed at No. 7404745A. The procedural history and facts relevant to the issues on appeal are as follows:

Appellant met the victim, Mary Jo Nardozzi, at the Executive Lounge in Pittsburgh in the early evening of June 19,

1974. During their conversation, appellant gave her his name, address and place of employment. At approximately 11:00 P.M., as Miss Nardozzi was planning to depart, appellant offered to drive her home. Upon arrival at her residence, appellant was invited in for coffee. A short while thereafter, appellant made sexual advances, was rebuffed and made no further advances until leaving the apartment. At that time, he put his arms around her in a bear hug, picked her up, and threw her on the bed, falling on top of her. She freed herself and ordered him out of the apartment. He placed his hands on her neck, starting to choke her, while asking for permission to commit sodomy on her. Appellant continued to choke her as he removed her slacks and underclothing. The victim blacked out at this point, but upon regaining consciousness, she found herself in the kitchen with appellant bending over her while stabbing her in the throat with a pair of scissors. She was stabbed a total of twelve times, after which she was placed on the sofa and covered with a bedspread. Appellant then left the apartment but was promptly identified, arrested and charged with aggravated assault and attempted rape. He retained a private lawyer who represented him until sentence was imposed. On the day of trial, counsel discussed a possible plea bargain with the Assistant District Attorney who indicated that the Commonwealth would not consider a sentence of less than five to ten years as part of any plea bargain. No express plea bargain was ever offered by the Commonwealth or accepted by the appellant. Trial counsel advised appellant that he felt a sentence of less than five to ten years could be obtained by pleading guilty to aggravated assault and attempted rape, and so informed the appellant. He did not advise his client regarding the possible maximum sentence of fifteen to thirty years for these two charges.

Following jury selection, trial counsel indicated the appellant wished to plead guilty. During the colloquy that ensued, the trial judge advised the defendant of all rights which were involved. Appellant was apprised of the range of possible sentence and the elements which were required

to be proven by the Commonwealth for each offense. Appellant agreed on the record that no plea bargain existed. When asked why he was pleading guilty, he replied, "I feel that under the circumstances, there would be nothing gained for myself or for the woman involved of really to go through a court trial." Appellant was then asked whether he committed the offenses and he answered in the affirmative. The trial judge agreed to hear the testimony of Dr. Herbert Thomas and ordered a presentence report prior to sentencing. This was done. On March 18, 1975, appellant was sentenced to (9) nine to 20 years imprisonment. No post trial motions were filed and no appeal was taken from the Judgment of Sentence. Later, after securing new counsel, appellant filed a motion for leave to file motions nunc pro tunc. The trial court granted the motion. After denial of the motion to withdraw a guilty plea, this timely appeal followed.

Appellant contends that his guilty plea was accepted without properly determining if he understood the elements of the crimes by stating what actions he performed which made him guilty of those crimes. A careful reading of the record discloses that the trial court discussed the elements of both attempted rape and aggravated assault in such a manner that a layman could understand each element of the crimes charged, as evidenced by appellant's answers to the trial judge's questions with relation to those elements. Reading the guilty plea colloquy in its entirety, it satisfies the standards set forth by our Supreme Court in *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974). In *Commonwealth v. Kearse*, 233 Pa.Super. 489, 334 A.2d 720 (1975), heavily relied upon by the appellant, there was no explanation of the nature of the charges or the elements given the defendant prior to the entry of the plea. Additionally, unlike the instant case, the maximum penalties for the crimes charged were never brought to the attention of the defendant. A close reading of *Commonwealth v. Maddox*, 450 Pa. 406, 300 A.2d 503 (1973) in conjunction with *Commonwealth v. Kearse,* supra; *Commonwealth v. Dixon,*

237 Pa.Super. 525, 352 A.2d 101 (1975) and *Commonwealth v. Brown*, 238 Pa.Super. 199, 357 A.2d 559 (1976) indicates that in all those cases there was little if any attempt by the trial courts to initially explain in detail the elements of each crime charged.

██ Consequently, we are confronted with an entirely different situation where the elements of the crimes charged are explained in detail to the appellant followed by a concise summary of the facts which serves as an adequate factual basis for the plea of guilty. This sequence places the trial court in a proper position to determine, before accepting the plea, that there is a factual basis for the plea. These facts coupled with the appellant's aforementioned responses to the questions as to why he was pleading guilty, and whether he was guilty of the charges, leave no doubt that this plea was voluntarily entered with a full understanding of the charges against him, including the possible maximum penalties. We note that only after the trial judge had considered all of the above factors did he accept appellant's plea. There then being no restriction to the effect that the trial judge confine himself to the colloquy when resolving the question of a factual basis for the plea, we find his conduct entirely proper. (*Commonwealth v. Maddox,* supra.) Therefore, giving due consideration to the caselaw applicable to the colloquy conducted on February 5, 1975 and restricting ourselves to the facts as presented, we find that appellant voluntarily and understandingly entered his plea of guilty.

██ Appellant further contends that his trial counsel rendered ineffective, inadequate and misleading assistance. The guidelines that we must follow in ascertaining whether counsel was ineffective were set forth in *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 235 A.2d 349 (1967), wherein the court stated: "Counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests."

██ Appellant first argues that trial counsel was ineffective because he turned down a "plea bargain" for less time

than appellant subsequently received on the general plea. Since the record does not support the theory that any plea bargain was ever offered, this argument merits no further discussion.

Appellant next contends that trial counsel should not have advised him to plead guilty, and should have indicated to him what the possible maximum penalties were for the two charges prior the plea. Since the possible maximum penalties for the crimes charged were specifically discussed with appellant in the colloquy by the trial judge, that contention lacks merit. The record indicates that trial counsel appeared at the preliminary hearing and knew the facts of this case. Consequently, he knew prior to the plea that the only witness who could rebut the victim's testimony was the appellant. He also was aware that there was no question of identity. In view of the serious nature of the victim's injuries, consent certainly wasn't a viable defense to the attempted rape charge. Trial counsel also was aware that his client would risk the introduction into evidence of his past record for similar offenses if he took the stand in a trial. The fact that the Commonwealth's evidence as presented here, if believed, was adequate to prove the elements of the crimes as charged merits no further discussion. Hence, appellant's counsel had a reasonable basis for advising his client to plead guilty.

Finally, appellant argues that trial counsel rejected a "plea bargain for 5–10 years on a plea to one count and instead advised appellant to plead guilty generally, because his opinion was that less than 5–10 years would be the sentence imposed. First, we note as aforementioned that the record does not support the contention that any plea bargain was offered or rejected. Counsel based his opinion to plead guilty generally on several factors which were:

(1) the expected mitigating effect of Dr. Thomas's testimony, a doctor whom he knew was well known to the trial judge;

(2) that the trial judge would be favorably impressed by a willingness to admit guilt;

(3) the fact that appellant had willingly accepted psychiatric treatment for alleged mental illness;

(4) the fact that appellant was an educated man with a demonstrated ability to earn a living, coupled with a fact that he had a concerned and interested spouse.

Therefore, counsel's opinion was not without a reasonable basis designed to effectuate appellant's interests. *Commonwealth ex rel. Washington v. Maroney,* supra; *Commonwealth v. Mabie,* 467 Pa. 464, 359 A.2d 369 (1976).

Furthermore, we are not confronted here with a situation where trial counsel imposed his will on the accused to advance his own interests, or a situation where counsel's advice was not based upon adequate knowledge of the facts and the applicable law. *Commonwealth v. Carey,* 235 Pa.Super. 366, 340 A.2d 509 (1975); *Commonwealth v. Baldwin,* 219 Pa.Super. 153, 280 A.2d 654 (1971). Appellant testified at the hearing held on the motion to withdraw that if the sentence had been less than 5–10 years, he would have been satisfied with counsel's representation. Unrealized expectations do not constitute ineffective assistance of counsel so as to justify the withdrawal of a guilty plea. *Commonwealth v. Finney,* 433 Pa. 152, 249 A.2d 286 (1969); *Commonwealth v. Kirkland,* 413 Pa. 48, 195 A.2d 338 (1963).

Accordingly, the Judgment of Sentence is Affirmed.