## Commonwealth *v.* Kearse, Appellant.

Submitted June 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

490

*Edward F. Browne, Jr.,* Assistant Public Defender, and *Theodore S. Danforth,* Public Defender, for appellant.

*Michael H. Ranck,* Assistant District Attorney, and *D. Richard Eckman,* District Attorney, for Commonwealth, appellee.

OPINION BY VAN DER VOORT, J., March 31, 1975:

The appellant, John Elwood Kearse, was indicted on two counts of robbery by violence and with an accomplice. The charges were based on purse-snatchings from elderly women in Lancaster, Pennsylvania. Prior to trial, a hearing was held on defense counsel's application for suppression of confessions given by appellant. The suppression court denied the application.

On June 27, 1973, the appellant appeared before the lower court. The transcript of this proceeding shows that, after a colloquy, Kearse entered a guilty plea to charges of robbery and larceny. An officer was then called as a witness to summarize the Commonwealth's version of the facts for the court. Appellant's counsel asked the court to order a pre-sentence investigation and report prior to pronouncing sentence and this request was granted. The appellant was again called before the lower court on October 26, 1973, ostensibly for sentencing. The court again heard police testimony concerning the nature of the crimes, and also heard arguments from defense and

prosecution counsel concerning sentencing. The court again had some colloquy with Kearse at which time the latter's desire to plead guilty was ascertained. Finally, appellant was sentenced to two and a half years to five years imprisonment on the robbery charge and probation on the larceny charge.

In the instant direct appeal, the appellant maintains that the colloquy between himself and the court at the time of the guilty pleas was deficient and insufficient to establish that the pleas were knowingly and intelligently made. We are constrained to agree. Our review of the record shows that there was less than full compliance with the requirements enunciated in Rule 319 (a) of the Pennsylvania Rules of Criminal Procedure[1] and applicable case law.[2] More specifically, the record shows that Kearse was never adequately made aware of the "nature" of the charges against him. He was only asked if he was aware that he was charged with the serious crimes of robbery and larceny and answered in the affirmative when the court asked if he understood the "nature of the crimes." Even under pre-*Ingram* guidelines, a more explicit examination of the defendant's understanding of the *legal basis* of charges against him was required. See *Commonwealth v. Campbell,* 451 Pa. 465, 304 A.2d 121

---

1. That section reads:

"(a) A defendant may plead not guilty, guilty, or with the consent of the court, nolo contendere. The judge may refuse to accept a plea of guilty, and shall not accept it unless he determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record."

2. In support of his arguments, appellant relies in part on the holding in *Commonwealth v. Ingram,* 455 Pa. 198, 316 A.2d 77 (1974). We recently ruled that *Ingram* was to be applied prospectively only. *Commonwealth v. Schork,* 230 Pa. Superior Ct. 411, 326 A.2d 878 (1974). However, even though the plea in the instant case was accepted prior to the January 24, 1974 filing of the *Ingram* case, we find the colloquy to have been deficient in light of pre-*Ingram* standards.

492

(1973). Also, although police witnesses described in detail the acts which formed the basis for the charges, such explanation took place *after* appellant entered his plea at the June 27, 1973 hearing. Prior to the entry of plea by appellant, and acceptance by the court, the record shows no exploration with Kearse of his understanding or agreement on the *factual basis* for his plea. *Commonwealth v. Jackson,* 450 Pa. 417, 299 A.2d 209 (1973); *Commonwealth v. Maddox,* 450 Pa. 406, 300 A.2d 503 (1973). Lastly, we note that appellant was misinformed as to the maximum possible penalties which he could suffer as a result of his pleas to the two charges.

These deficiencies require the grant of a new trial.

Reversed and remanded for a new trial.