379 A.2d 107

**COMMONWEALTH of Pennsylvania**

v.

**Charles Rickey SUTTON, Appellant.**

Supreme Court of Pennsylvania.

Submitted Sept. 24, 1976.

Decided Oct. 28, 1977.

Robert B. McCullough, Erie (Court-Appointed), for appellant.

Robert H. Chase, Dist. Atty., Bernard L. Siegel, 1st Asst. Dist. Atty., Erie, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION OF THE COURT

PER CURIAM:

This appeal arises from an order refusing the request of Charles Rickey Sutton, to withdraw his guilty plea entered on February 24, 1974, to a general charge of murder, and his subsequent conviction for murder in the first degree and sentence of life imprisonment.

█ Rule 319(a) of the Pennsylvania Rules of Criminal Procedure, in effect at the time of the plea in this case, requires an on-the-record colloquy to be held prior to acceptance of a guilty plea. The purpose of such a colloquy is to assure that the defendant enters his plea knowingly, voluntarily, and intelligently. *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974).

584

■ To be adequate to withstand a challenge on appeal, the colloquy must demonstrate inter alia that the defendant understood the nature of the charges by disclosing that the elements of the crime or crimes charged were outlined in understandable terms. *Commonwealth v. Sutton*, 465 Pa. 335, 350 A.2d 793 (1976).

■ When a plea of guilty to a charge of murder generally is factually based upon the felony-murder rule the elements of the specific underlying felony or felonies must be included in the colloquy. *Commonwealth v. Holmes*, 468 Pa. 409, 364 A.2d 259 (1976); *Commonwealth v. Sutton*, supra; *Commonwealth v. Minor*, 467 Pa. 230, 356 A.2d 346 (1976); *Commonwealth v. Schork*, 467 Pa. 248, 356 A.2d 355 (1976).

■ The basis of the trial court's finding of guilt of murder in the first degree was the felony-murder doctrine. The on-the-record guilty plea colloquy, however, contains no explanation of the elements of the underlying felony of robbery.

Judgment of sentence is reversed and a new trial granted.

EAGEN, C. J., dissents.