398 A.2d 212

**COMMONWEALTH of Pennsylvania**

v.

**John MANNING, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 29, 1977.

Decided Feb. 16, 1979.

George P. Ditter, Assistant Public Defender, Norristown, for appellant.

James A. Cunningham, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

On January 29, 1975, appellant entered a plea of guilty to a charge of theft of movable property.[1] The plea was entered pursuant to a plea agreement, whereby the prosecutor agreed to nolle pros two additional indictments charging theft by deception[2] and conspiracy[3] arising out of the same incident, and to nolle pros a separate charge for the sale of drugs[4] arising out of a separate and unrelated incident. Pursuant to the plea agreement, appellant was sentenced to a term of imprisonment of three to six years on January 29, 1975; no direct appeal was taken. Appellant did, however, file a *pro se* petition entitled "Motion for Reconsideration of Sentence" which was denied on July 2, 1976. On July 19, 1976, appellant, without the aid of counsel, filed a petition under the Post Conviction Hearing Act, Act of January 25, 1966, P.L. (1965) 1580, §§ 1 *et seq.*, 19 P.S. §§ 1180–1 *et seq.* (Supp.1978–79). On September 21, 1976, a supplemental PCHA petition was filed, this time with the aid of counsel. On December 10, 1976, a PCHA hearing was held, and by an order on that date, the court below denied appellant's petitions. Appellant appeals from that order alleging that the guilty plea colloquy was defective in various respects, that trial counsel was ineffective for failing to recognize the colloquy defects, and that the plea was not entered knowingly or voluntarily. For the reasons stated herein, we find one of appellant's contentions to be supported by the record, and we reverse the order of the court below.

1.  18 Pa.C.S. § 3921(a).

2.  18 Pa.C.S. § 3922.

3.  18 Pa.C.S. § 903.

4.  Act of April 14, 1972, P.L. 233, § 13, *as amended,* 35 P.S. § 780–113.

■ Initially, we are confronted with appellee's contention that appellant has waived the defects relating to the guilty plea by failing to pursue a direct appeal. Generally, any alleged defects in a guilty plea must be challenged by filing a petition to withdraw the plea in the court in which the plea was entered. *See, e. g., Commonwealth v. Lee,* 460 Pa. 324, 333 A.2d 749 (1975); *Commonwealth v. Roberts,* 237 Pa.Super. 336, 352 A.2d 140 (1975). By failing to comport with this procedure, appellant is deemed to have waived any defects in the plea, unless his failure is attributable to ineffectiveness of counsel, which constitutes an "extraordinary circumstance" under the Post Conviction Hearing Act and precludes waiver. *See Commonwealth v. Holmes,* 468 Pa. 409, 364 A.2d 259 (1976); *Commonwealth v. Martin,* 258 Pa.Super. 412, 392 A.2d 860 (1978); Post Conviction Hearing Act, *supra* at § 4, 19 P.S. § 1180–4(b)(2). Accordingly, we must determine whether trial counsel's stewardship of the case may be deemed ineffective.

■ In determining whether trial counsel has rendered effective assistance, the time honored test has been stated as follows:

"[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel has *some reasonable basis* designed to effectuate his client's interests." *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967) (emphasis in original).

In applying this test, the necessary inquiry in this case is whether trial counsel had any reasonable basis for failing to pursue the alleged defects in the guilty plea colloquy or the voluntariness of the plea. Stated differently, was there any merit to the claims that trial counsel failed to pursue? *Commonwealth v. Hubbard,* 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth v. Nero,* 250 Pa.Super. 17, 378 A.2d 430 (1977). We find that there was.

■ Specifically, appellant alleges that the guilty plea colloquy was defective in that a factual basis for the plea

was not established prior to its acceptance by the court below.[5] We agree, and conclude that trial counsel acted ineffectively in failing to pursue the alleged defect by filing a petition to withdraw the plea.

The commentary to Pa.R.Crim.P. 319 states that before a trial judge accepts a plea of guilty he should establish whether there is "a factual basis for the plea." In *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974), the supreme court ruled that this requirement (along with five others) was mandatory in any guilty plea hearing. *See also Commonwealth v. Johnson*, 242 Pa.Super. 188, 363 A.2d 1223 (1976) (by implication); *Commonwealth v. Kearse*, 233 Pa. Super. 489, 334 A.2d 720 (1975).

Instantly, prior to the acceptance of the guilty plea, appellant was informed that he was being charged with theft of movable property, 18 Pa.C.S. § 3921(a), and he acknowledged his guilt of this offense. The following exchange then took place:

"THE COURT: Is the indictment correct, is the amount of cash taken—there is a typographical error here—it looks like it's more than $3,500.00.

[ASSISTANT DISTRICT ATTORNEY]: That is correct, Your Honor, it's $3,525.98.

THE COURT: What kind of store was this?

[ASSISTANT DISTRICT ATTORNEY]: A clothing store, Your Honor.

THE COURT: In Norristown?

[ASSISTANT DISTRICT ATTORNEY]: No, sir, King of Prussia . . . .

5. Appellant also alleges that the guilty plea colloquy was defective in that he was neither informed that he was presumed innocent until proven guilty, nor that the lower court was not bound by the terms of the plea agreement until it was accepted. Because we have reversed the judgment below based upon the defect discussed *infra*, we will not address the merits of these additional claims. We do note, however, that our review of the record fails to disclose a single mention of the presumption of innocence. The record does not, therefore, demonstrate that appellant understood that he is presumed innocent until he is found guilty.

THE COURT: Can I just ask now, how did this theft take place? Was he an employee there?

[ASSISTANT DISTRICT ATTORNEY]: No, sir. The two girls were employees and they did a set-up of a fake robbery when one of the girls was taking money from the store to the depository."

(N.T. 23–24).

The court then accepted the guilty plea without inquiring whether appellant acknowledged the above summary of his offense.

Reviewing this record, it is clear that appellant was never fully apprised of the events to which he was pleading guilty. Appellant's only admission was that he had committed the offense of theft of movable property. Although it was subsequently established that he had allegedly purloined some money from a clothing store in King of Prussia, the date of the alleged offense, the identities of the victim and appellant's accomplices, and the exact nature of the events by which the crime was perpetrated were not brought out prior to the acceptance of the guilty plea; nor did appellant even affirm the above sketchy recitation of his alleged offense. Indeed, the only evidence detailing the factual basis of appellant's crime was presented after the guilty plea had been accepted, and this evidence was presented, not by the Commonwealth, but by appellant himself.[6]

In *Commonwealth v. Kearse, supra,* this court held that a presentation of the factual basis of the crime *after* acceptance of the guilty plea was insufficient to satisfy the requirements of Rule 319. Thus, the above mentioned defect in the colloquy was a proper basis upon which to file a petition to withdraw the guilty plea. Despite this obvious defect, counsel informed appellant that he could perceive of

---

6. Trial counsel presented appellant's alleged accomplices in the offense who testified regarding the factual events of the offense and the sentences they had received. This evidence was presented by counsel in an effort to mitigate the extent of appellant's participation in the crime and to demonstrate the lenient sentences the accomplices had received. This was done in an attempt to secure a more lenient sentence than the three to six years agreed to in the plea bargain.

436

no basis upon which to take an appeal. Therefore, we conclude that trial counsel acted ineffectively in failing to insure that the factual basis for the offense was properly explained to appellant during the colloquy or to assert the defect post-trial by means of a petition to withdraw the plea. Accordingly, appellant is entitled to PCHA relief.[7]

The order of the court below is reversed and the case is remanded for a new trial.

VAN der VOORT, J., concurs in the result.

JACOBS and WATKINS, former President Judges, and HOFFMAN, J., did not participate in the consideration or decision of this case.

---

7. We also conclude that appellant's claim that his plea was not voluntarily or knowingly entered due to an erroneous statement of the terms of the plea bargain is without merit. An examination of the colloquy indicates that appellant was fully informed regarding the terms of the plea agreement and acknowledged this in the colloquy and at the PCHA hearing. Appellant's claim that the plea bargain only provided for an eleven and one-half (11½) to twenty-three (23) month term of imprisonment is unsupported by the record. That sentence was only mentioned as a mere possibility based upon what appellant's counsel stated was an anticipated favorable reaction once the trial judge was informed regarding appellant's meager role in the offense and the lenient sentences accorded his accomplices. Appellant was aware that this lesser sentence was a mere possibility and that the actual sentence provided for in the plea agreement was three to six years.