414 A.2d 631

**COMMONWEALTH of Pennsylvania,**

v.

**John R. DELLO BUONO, Appellant.**

Superior Court of Pennsylvania.

Submitted June 12, 1978.

Filed Nov. 9, 1979.

Barry M. Miller, Norristown, for appellant.

Ronald T. Williamson, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CERCONE, PRICE, VAN der VOORT, SPAETH and HESTER, JJ.

PRICE, Judge:

The instant appeal is from an order dismissing appellant's petition under the Post Conviction Hearing Act.[1] For the reasons stated herein, we reverse the order of the trial court.

1. Act of Jan. 25, 1966, P.L. (1965) 1580, §§ 1 *et seq.*, 19 P.S. §§ 1180–1 *et seq.* (Supp.1979–80).

On March 5, 1975, appellant pleaded guilty to numerous drug and robbery offenses, and on May 2, 1975, was sentenced to a term of imprisonment of from ten (10) to twenty-five (25) years. He was represented at the proceedings by a member of the public defender's office. No direct appeal was taken. On June 6, 1975, a PCHA petition was filed alleging, *inter alia*, ineffectiveness of trial counsel. A hearing was held during which appellant was represented by different counsel from the public defender's office. The only contention presented at the hearing was that trial counsel was ineffective for inducing appellant to plead guilty by misrepresenting the length of the probable sentence. The petition was dismissed and no appeal taken.

On March 4, 1977, appellant filed a pro se PCHA petition entitled "Motion to Amend Post-Conviction Petition." Independent counsel not associated with the public defender's office was appointed, and a hearing held on May 27, 1977. At the hearing, appellant alleged that his guilty plea colloquy was inadequate in failing to satisfy the requirements of Pa.R.Crim.P. 319,[2] and that trial counsel and appellate counsel were ineffective for failing to challenge the alleged defects. The trial court ruled: (1) that the alleged defects in the colloquy had been waived because not presented in the first PCHA action; (2) that the ineffectiveness of trial counsel had been waived because no appeal had been taken

---

**2.** The commentary to Rule 319 provides that in any guilty plea colloquy, the following areas of inquiry should be pursued:

"(1) Does the defendant understand the nature of the charges to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has the right to trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?"

In *Commonwealth v. Willis*, 471 Pa. 50, 369 A.2d 1189 (1977), and *Commonwealth v. Dilbeck*, 466 Pa. 543, 353 A.2d 824 (1976), the supreme court determined that inquiry into these six areas is mandatory in any guilty plea colloquy.

from the dismissal of the first PCHA petition; and (3) that on the merits, there were no defects in the guilty plea colloquy, nor had either trial or first PCHA counsel acted ineffectively. Appellant claims, however, that because the initial challenge to the effectiveness of trial counsel from the public defender's office was made by a different counsel from that same office, that issue has not been finally litigated. In the same light, he asserts that the alleged defects in the colloquy have not been waived, because failure by trial and PCHA counsel to challenge those defects constitutes the basis for their alleged ineffectiveness. Reviewing the record, we must agree with appellant that the issues have not been finally litigated or waived.

■ Generally, the issue of trial counsel's effectiveness must be pursued in the first available proceeding at which that counsel does not represent the defendant. *See Commonwealth v. Dancer*, 460 Pa. 95, 331 A.2d 435 (1975); *Commonwealth v. Hairston*, 251 Pa.Super. 93, 380 A.2d 393 (1977). If the effectiveness of trial counsel is challenged by new counsel in a PCHA proceeding but not pursued in an appeal, that issue is waived, and the only subsequent issue is the alleged ineffectiveness of the new counsel. *See, e. g., Commonwealth v. Dancer, supra.* However, in *Commonwealth v. Bundy*, 480 Pa. 543, 391 A.2d 1018 (1978), the supreme court held that a PCHA challenge to the effectiveness of trial counsel will not be a conclusive pronouncement on that subject when the PCHA counsel and trial counsel are from the same office. The court reasoned,

"[W]here counsel raises his own or his associates' inadequacy, we should not accept that appraisal as an objective view of counsel's stewardship. Even though associate counsel may make a good faith effort to critically review the record of the earlier proceeding, we cannot accept such an assessment as an objective and detached evaluation of earlier counsel's stewardship. Fundamental fairness requires no less." *Id.*, 480 Pa. at 546, 391 A.2d at 1020.

*See Commonwealth v. Fox,* 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Via,* 455 Pa. 373, 316 A.2d 895 (1974). This result is particularly appropriate when the theory of trial counsel's alleged ineffectiveness was neither raised nor pursued in the first PCHA petition. Moreover, first PCHA counsel conceded that he did not review the transcript of the guilty plea hearing to determine whether any errors were made in the course of the colloquy. Accordingly, the effectiveness of trial and PCHA counsel is reviewable in this second PCHA petition.[3]

The basis for appellant's claim of ineffectiveness arises from alleged omissions in the guilty plea colloquy. First, however, we must determine whether the requirements of a proper colloquy may be satisfied by combining the proceedings at the guilty plea hearing on March 5, 1975, and the sentencing hearing on May 2, 1975. The delay in the two proceedings was prompted by the court's desire to postpone sentencing pending completion of a presentence report. During the sentencing hearing on May 2, the trial court conducted a short colloquy with appellant to refresh his recollection regarding the proceedings and to ascertain whether appellant still desired to plead guilty. During that discussion, the court addressed some of the elements required by Pa.R.Crim.P. 319. The Commonwealth in its brief implies that this additional colloquy on May 2, 1975, may be utilized to correct any deficiencies in the original guilty plea colloquy on March 5, 1975. We disagree.

The purpose of the rule requiring an on-the-record colloquy prior to the acceptance of a guilty plea is to ensure that the defendant fully understands the nature of the crimes to which he is pleading guilty, and the rights that are being waived by his plea. *See Commonwealth v. Sutton,* 474 Pa. 582, 379 A.2d 107 (1977). In *Commonwealth v. Manning,* 263 Pa.Super. 430, 398 A.2d 212 (1979), and *Commonwealth*

---

**3.** Although appellant labeled his second petition as an amendment to his first PCHA petition and incorporated the allegations of the first petition, the court below treated the petition as a second PCHA motion. We will, therefore, deem it as a second PCHA petition.

*v. Kearse*, 233 Pa.Super. 489, 334 A.2d 720 (1975), we held that the requirements of Rule 319 must be satisfied *prior* to the acceptance of the plea. Thus, while the additional colloquy at the sentencing on May 2, 1975, was unnecessary, and was intended merely to refresh appellant's memory regarding the proceedings, it may not be used to cure any defects in the original colloquy on March 5, 1975. Accordingly, our only review is with respect to the colloquy at the time of the entry of the guilty plea on March 5, 1975.

■ Appellant's challenge to the adequacy of that colloquy relates to the Rule 319 requirements that "the defendant understand that he has the right to trial by jury," and "that he is presumed innocent until he is found guilty." *See* Pa.R.Crim.P. 319, Comment. Essential in the waiver of the right to a jury trial is the requirement that the defendant understand the elements of a jury trial. *See, e. g., Commonwealth v. Mack*, 466 Pa. 12, 351 A.2d 278 (1976); *Commonwealth v. Washer*, 253 Pa.Super. 209, 384 A.2d 1305 (1978).

"These essential ingredients, basic to the concept of a jury trial, are the requirements that the jury be chosen from members of the community (a jury of one's peers), that the verdict be unanimous, and that the accused be allowed to participate in the selection of the jury panel." *Commonwealth v. Williams*, 454 Pa. 368, 373, 312 A.2d 597, 600 (1973).

The pertinent portion of the March 5, 1975 colloquy was as follows:

"Q. And I am going to explain to you what rights you give up. Primarily, you give up the right to have a trial by jury, that is to have twelve individuals chosen from members of the community, which you have a right to assist in selecting, sit in that jury box and decide whether or not you are guilty or innocent of each and every one of the nine charges that I have just read against you. By pleading guilty, you give up that right; do you understand that?

A. Yes I do." (N.T. 9).

■ Reviewing the above summary, we must conclude that the colloquy was defective for failing to inform appellant that the verdict of the jury must be unanimous. *See Commonwealth v. Ward,* 483 Pa. 53, 394 A.2d 535 (1978). Moreover, the court failed to satisfy another Rule 319 requirement, *viz.* that at any trial appellant would be presumed innocent. Instead, the court simply stated that the Commonwealth would have the burden of proving his guilt beyond a reasonable doubt. For this additional reason we are constrained to find the colloquy to have been defective. *See Commonwealth v. Willis,* 471 Pa. 50, 369 A.2d 1189 (1977).

Because the record establishes no reasonable basis for trial counsel and first PCHA counsel's failure to challenge those defects, the order of the lower court is reversed and a new trial is ordered.

HESTER, J., files a dissenting statement.

VAN der VOORT, J., files a dissenting opinion.

JACOBS, former President Judge, did not participate in the consideration or decision of this case.

HESTER, Judge, dissenting:

I dissent. I would affirm on the Opinion of Judge Vogel of the court below.

VAN der VOORT, Judge, dissenting:

The majority finds that appellant's trial counsel and first PCHA counsel were ineffective in failing to challenge certain purported defects in the guilty plea colloquy. I respectfully dissent.

According to the majority, in order for appellant to enter a valid guilty plea, under Pa.R.Crim.P. 319 appellant had to first be informed that if he chose to stand trial before a jury, 1) the jury verdict would have to be unanimous, and, 2) he would be presumed innocent until found guilty. Rule 319(a) provided that a trial judge could not accept a plea of

guilty unless he determined after inquiry of the defendant that the plea was voluntarily and understandingly entered. The comment to the rule at the time appellant entered his plea (March 5, 1975) stated:

> Comment: The purpose of paragraph (a) is to codify the requirement that the judge, on the record, ascertain from the defendant that the guilty plea is voluntarily and understandingly tendered. Recent court decisions have indicated that this is the preferred practice *but have not made the requirement mandatory.* See *Commonwealth ex rel. West v. Rundle,* 428 Pa. 102, 237 A.2d 196 (1968); *Commonwealth v. Belgrave,* 445 Pa. 311, 285 A.2d 448 (1971).
>
> It is difficult to formulate a comprehensive list of questions a judge must ask of a defendant in determining whether the judge should accept the plea of guilty. Court decisions constantly add areas to be encompassed in determining whether the defendant understands the full impact and consequences of his plea, but is nevertheless willing to enter that plea. It is *recommended,* however, that at a minimum the judge ask questions to elicit the following information:
>
> . . . . .
>
> (3) Does the defendant understand that he has the right to trial by jury?
>
> (4) Does the defendant understand that he is presumed innocent until he is found guilty?
>
> . . . . .
>
> It is advisable that the judge should conduct the examination of the defendant. However, paragraph (a) does not prevent defense counsel or the attorney for the Commonwealth from conducting part or all of the examination of the defendant, as permitted by the judge. (Emphasis added).

Unlike the majority, I would not find in the Rule and Comment a *requirement* that appellant be advised on the record of the presumption of innocence and of the fact that a jury verdict had to be unanimous. On the contrary, the

comment would have led trial counsel in 1975 to believe that it was *not* necessary that appellant be so advised on the record. I am aware of no cases decided prior to 1975 which would have alerted appellant's counsel to the necessity of advising appellant on the record of these two aspects of our jury system. I would not find trial counsel ineffective for failing to ascertain that appellant was so advised on the record, and I would not find appellant's first PCHA counsel ineffective for failing to raise the issue.

Appellant was advised on the record that the Commonwealth had the burden of proving his guilt beyond a reasonable doubt. Appellant was also advised that he had the right to a trial before a jury composed of twelve members of the community, and that he would be permitted to assist in selecting them. There is no allegation that appellant was unaware that he would be presumed innocent or that a jury verdict had to be unanimous, or that appellant would not have pleaded guilty had he possessed such knowledge. I would affirm the order of the lower court denying PCHA relief.