J-A06041-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| EVELYN MCBRYDE | : | |
| | : | |
| Appellant | : | No. 662 WDA 2020 |

Appeal from the Judgment of Sentence Entered May 29, 2020
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0002519-2019

BEFORE:  BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED: MAY 7, 2021**

Evelyn McBryde (Appellant) appeals from the judgment of sentence, of 12 months' probation, entered in the Washington County Court of Common Pleas following her guilty plea to retail theft.[1]  Appellant avers her plea was not knowing, voluntary, and intelligent because: (1) the trial court did not inform her on the record of the presumption of innocence and elements of the crime, and did not specifically ask whether she was pleading guilty to retail theft; and (2) she did not consent to appearing at the plea hearing by video. We affirm.  We also grant Appellant's "Application for Judicial Notice," for this Court to take judicial notice of orders issued by the Pennsylvania Supreme Court and the Washington County Court of Common Pleas pertaining to the

_____

[1] 18 Pa.C.S. § 3929(a)(1).

COVID-19 pandemic. Finally, we deny Appellant's "Application for Remand to File Post-Sentence Motions *Nunc Pro Tunc*."

Appellant was charged with one count of retail theft, graded as a felony of the third degree.[2] This count arose from Appellant's taking an article of clothing, valued at $22.96, on April 2, 2019, from a Target store in South Strabane Township, Washington County.

This case proceeded to a plea and sentencing hearing on May 29, 2020. We note this date fell within the general, statewide COVID-19 judicial emergency declared by the Pennsylvania Supreme Court, and the Washington County Court of Common Pleas' extension of the statewide judicial emergency in that county. Appellant was then in custody at the Allegheny County jail on unrelated charges, and she appeared at the plea and sentencing hearing *via* video conference. She was represented by Josh Carroll, Esquire (Plea Counsel), an assistant public defender; he and the assistant district attorney were in court.

Pertinent to Appellant's claims on appeal, we note the following discussion at the plea hearing. Plea Counsel advised or reminded Appellant of the plea offer, of, *inter alia*, time-served to 12 months' probation, a drug and alcohol evaluation, restitution, and "no return to [the] Target" store. N.T.,

_____

[2] Retail theft is a felony of the third degree when, *inter alia*, "the offense is a third or subsequent offense, regardless of the value of the merchandise." 18 Pa.C.S. § 3929(b)(1)(iv).

5/29/20, at 5-6 (Plea Counsel stating to appellant, "I don't know if you recall the plea offer. It was time served to twelve months[ . . ."]). After discussion about the payments of Appellant's bonds in both Washington and Allegheny Counties, the following exchange occurred:

> [Appellant:] And so what is the — what is the plea?
>
> [Plea Counsel:] The plea offer is a plea of guilty to retail theft, felony of the third degree; time served to twelve months probation; drug and alcohol evaluation and follow-through with any recommended treatment; no contact with Target; pay restitution of $22.96 to Target; and to generally pay the other costs of prosecution.

*Id.* at 10-11. Appellant stated, "I don't have a problem with the plea," but asked for clarification as to whether her drug and alcohol evaluation would have to be conducted in prison, and thus whether it was a condition to her release. *Id.* at 11-12 ("I don't want to get stuck taking this plea and then they say well now, guess what? You got to wait for a drug and alcohol evaluation [before you can be released from Washington County jail.]"). The trial court responded that Appellant did not have to complete her drug and alcohol evaluation in prison, and instead could do it when she reported to the Washington County probation office. *Id.* at 12. The court then took an approximately four-minute recess for Appellant and Plea Counsel to converse privately. *Id.*

Upon reconvening, the trial court asked both Plea Counsel and Appellant whether the offer was acceptable. N.T., 5/29/20, at 13. Plea Counsel replied in the affirmative, and Appellant stated, "Yes, sir." *Id.* The trial court then

conducted an oral plea colloquy. Appellant responded, "Yes", or indicated that she understood, each of the following: she has been charged criminally; she has a right to a trial by judge or by jury; she has a right to counsel at trial; she has "seen the Criminal [Complaint] that was filed against [her] in this case;" the complaint "forms the foundation of why" Appellant is in court for the plea hearing; "there are facts which would support the charge;" if she were to go to trial instead of pleading, "it is always the Commonwealth's burden . . . to prove . . . that [she] committed this alleged crime;" the Commonwealth bore the burden to prove "every element of this charge" beyond a reasonable doubt, which "is the most difficult burden of proof in the law for a prosecutor to meet;" if "the Commonwealth could not prove . . . beyond a reasonable doubt that [she] committed this crime, then the charge would be dismissed" and no penalty would be imposed; the charge was a felony of the third degree and carried a maximum sentence of seven years' incarceration; and under "the State Sentencing Guidelines, . . . someone in [Appellant's] position, particularly based upon any past criminal history . . . and any aggravating or mitigating . . . circumstances[,] the standard sentence may be much less than the maximum." *Id.* at 13-16. Appellant also responded, "Yes," when the court asked her whether she had an opportunity to talk with her attorney and was entering her plea voluntarily. *Id.* at 16-17.

The trial court explained it would impose the agreed-upon sentence: time served to 12 months' probation, with requirements that she undergo a

- 4 -

drug and alcohol evaluation, have no contact with Target, and pay restitution of $22.96.  N.T., 5/29/20, at 20.  Immediately thereafter, Appellant asked what her "paperwork" will say.  *Id.*  The court responded, "That you pled guilty to a felony of the third degree, retail theft; credit for time served to twelve months.  There will be a box on the Order that says [Appellant] can be released today on this case."  *Id.*

We note the certified record does not include any written plea or written plea colloquy, and Appellant avers none was completed.  *See* Appellant's Brief at 11.

Appellant did not file any post-sentence motion.  In an order dated June 25, but stamped as "filed" on June 26, 2020, the trial court appointed present counsel, John Egers, Jr., Esquire, to represent Appellant, noting Appellant wished "to file an appeal in which she is alleging ineffective assistance of counsel."  Order, 6/26/20.  However, on the same day this order was filed, Plea Counsel filed a notice of appeal.  The following day, July 7th, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.  In response, Attorney Egers timely filed a statement, which claimed, for the first time in this case, that Appellant's guilty plea was not entered knowingly, voluntarily or intelligently, and that she did not waive her right to appear in-person at the plea and sentencing hearing.  The trial court issued an opinion on August 3, 2020, addressing the merits of these claims.

Appellant presents two issues for our review:

I. Was [Appellant's] plea of guilty entered knowingly, voluntarily and intelligently when she was not informed on the record of the presumption of innocence, the elements of the crime of retail theft, and not asked if she was, in fact, pleading guilty to the charge of retail theft?

II. Was [Appellant's] guilty plea and sentencing entered into knowingly, voluntarily and intelligently when she did not waive her right to be present for the guilty plea and sentencing or otherwise consent to have a guilty plea and sentencing hearing by video conference conducted at the Washington County Courthouse where she attended the video conference from the Allegheny County Jail?

Appellant's Brief at 4.

On the same day Attorney Egers filed Appellant's brief, he also filed an application for a remand to file post-sentence motions *nunc pro tunc*. In this application, as well the argument section of the brief, Attorney Egers avers: (1) Plea Counsel did not file any post-sentence motion challenging the validity of Appellant's plea, and thus did not preserve this issue for appeal; (2) Attorney Egers was appointed by the trial court on the same day Plea Counsel filed the notice of appeal; and (3) the filing of the notice of appeal divested the trial court of jurisdiction in this matter, before Attorney Egers had an opportunity to review the record and the issues. Appellant's Brief at 13-14; Appellant's Application for Remand to File Post-Sentence Motions *Nunc Pro Tunc* at 1-2. Attorney Egers further notes "the notice of appeal was confusing [as] claims of ineffective assistance of counsel are typically addressed in Post

Conviction Relief Act[3 m]atters after completion of any direct appeal[.]" Appellant's Brief at 14. Appellant thus requests a remand to the trial court so that she can file a post-sentence motion *nunc pro tunc*, to challenge the guilty plea.[4]

We agree with the points, enumerated above, presented by Attorney Egers. ***See Commonwealth v. Green***, 862 A.2d 613, 615 (Pa. Super. 2004) ("Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal."); ***Commonwealth v. Watson***, 835 A.2d 786, 791 (Pa. Super. 2003) (challenge to guilty plea is waived if not raised at the sentence colloquy, at the sentencing hearing, or through a post-sentence motion, and "[a] party cannot rectify the failure to preserve an issue by proffering it in response to a Rule 1925(b) order") (citation omitted).

We further consider the following Pennsylvania jurisprudence on *per se* ineffective assistance by counsel. Generally, a defendant claiming they were denied their constitutional right to effective assistance of counsel must show, pursuant to ***Strickland v. Washington***, 466 U.S. 668 (1984):

> (1) his underlying claim is of arguable merit; (2) counsel's action or inaction lacked a reasonable strategic basis; and (3) but for counsel's conduct, there is a reasonable probability that the outcome of the proceedings would have been different. However, in certain limited circumstances, including the actual or constructive denial of counsel, prejudice may be so plain that the

---

[3] 42 Pa.C.S. §§ 9541-9546.

[4] The Commonwealth has not responded to Appellant's request for a remand.

- 7 -

> cost of litigating the issue of prejudice is unjustified, and a finding
> of ineffective assistance of counsel per se is warranted.

*Commonwealth v. Rosado*, 150 A.3d 425, 429 (Pa. 2016) (citations omitted). Our Supreme Court has "held that errors which **completely** foreclose appellate review amount to a constructive denial of counsel and thus ineffective assistance of counsel *per se*, whereas those which only **partially** foreclose such review are subject to the ordinary **Strickland** . . . framework." *Id.* at 433. In *Rosado*, the Court concluded that an attorney's "filing an appellate brief which abandons all preserved issues in favor of unpreserved ones constitutes ineffective assistance of counsel *per se.*" *Id.* at 425-26 (footnote omitted).

The particular facts of the instant matter may be distinguished from those in *Rosado*. In *Rosado*, the defense attorney filed a post-sentence motion, unsuccessfully challenging the sufficiency of the evidence, then a notice of appeal and a court-ordered Rule 1925(b) statement. *Rosado*, 150 A.3d at 426. The Rule 1925(b) statement challenged the discretionary aspects of the defendant's sentence, the exclusion of certain evidence, and a juror's alleged concealment of bias during *voir dire*. *Id.* In the appellate brief to the Superior Court, however, the same attorney abandoned the three Rule 1925(b) claims, and instead "raised as his sole appellate issue the unpreserved sufficiency claim." *Id.* On the other hand, in this matter, it was Plea Counsel who did not file any post-sentence motion before filing a notice

of appeal. The Rule 1925(b) statement and present appellate brief were filed by another attorney, Attorney Egers.

Furthermore, Plea Counsel's action did not result in the "**complete** deprivation of appellate review;" indeed, Plea Counsel filed a timely notice of appeal. ***See Rosado***, 150 A.3d at 428. Nevertheless, like the attorney in ***Rosado***, Attorney Egers has now filed — under the particular procedural history that had already occurred before he was appointed in this case — a brief that only presents issues that are waived. The ultimate effect to Appellant is the same as that in ***Rosado***: because of her attorney or attorneys' actions, "all meaningful appellate review" has been forfeited. ***See id.*** at 434. Accordingly, under the peculiar circumstances of this matter, we determine Plea Counsel rendered *per se* ineffective assistance of counsel, to which Appellant is entitled immediate relief. ***See id.*** at 428, 434. As noted above, the Commonwealth has not opposed Appellant's request for a remand.

We now consider what relief is appropriate. We could grant Appellant's petition for a remand to file a post-sentence motion *nunc pro tunc*. Appellant's petition, as well as her brief, however, aver that the issues she would raise are the same as those in her Rule 1925(b) statement, as well as her appellate brief. The trial court has addressed these claims on the merits. Furthermore, Appellant's brief sets forth a full discussion of her issues. Thus, in the interests of judicial economy, we deny Appellant's petition for remand, and instead, we reach the merits of the claims presented in her brief.

First, Appellant avers her guilty plea was not entered voluntarily. In support, she maintains the trial court failed to advise her that she is presumed innocent, as required by Pa.R.Crim.P. 590 (discussed *infra*). Appellant's Brief at 16-17, *citing* **Moore v. Commonwealth**, 384 A.2d 1206, 1208 (Pa. 1978) (reversing judgment of sentence after finding trial court failed to inform defendant, during guilty plea colloquy, of the constitutional presumption of innocence). Appellant disputes the trial court's reasoning that the colloquy was nevertheless proper under the totality of the circumstances, **see** Trial Ct. Op., 8/3/20, at 3, and maintains the advisement of the presumption of innocence is mandatory. Appellant's Brief at 18-19 (arguing the holding in **Taylor v. Kentucky**, 436 U.S. 478 (1978) — that a "jury instruction on the presumption of innocence may be necessary in certain cases to purge the taint of the fact a defendant was subject to arrest on criminal charges" — should be extended to require a trial court, in a plea colloquy, to advise a defendant of the presumption of innocence). Next, Appellant asserts the trial court did not advise her of the elements of retail theft, likewise required by Rule 590, and that "there was no recitation of facts . . . identified as the basis for the plea." **Id.** at 21-22. Whereas the trial court considered that Appellant acknowledged she reviewed the criminal **complaint**, which set forth the elements, **see** Trial Ct. Op. at 4, Appellant emphasizes "it is the criminal **information** that is the foundation of the charges." Appellant's Brief at 21. Finally, Appellant insists that she "never pled guilty," as: there was no written,

signed plea, and she "was never asked what her plea was or if she was pleading guilty." ***Id.*** at 23-24.  We conclude no relief is due.

Although the trial court did not entertain, in the proceedings below, any timely motion to withdraw Appellant's plea, the court addressed Appellant's claims in its opinion.  Accordingly, we consider the following standard of review:

> It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court.[ ]  . . .  When a defendant seeks to withdraw a plea after sentencing, [s]he "must demonstrate prejudice on the order of manifest injustice." . . .
>
> "Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly."  In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea.  "Pennsylvania law presumes a defendant who entered a guilty plea was aware of what [s]he was doing, and the defendant bears the burden of proving otherwise."

***Commonwealth v. Hart***, 174 A.3d 660, 664-65 (Pa. Super. 2017) (citations omitted).

The comment to Pennsylvania Rule of Criminal Procedure 590 provides that "in determining whether a defendant understands the full impact and consequences of the plea," the court "should ask" "**[a]t a minimum**:"

> (1) Does the defendant understand the nature of the charges to which he or she is pleading guilty or *nolo contendere*?
>
> (2) Is there a factual basis for the plea?
>
> (3) Does the defendant understand that he or she has the right to trial by jury?

- 11 -

(4) Does the defendant understand that he or she is presumed innocent until found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

(7) Does the defendant understand that the Commonwealth has a right to have a jury decide the degree of guilt if the defendant pleads guilty to murder generally?

Pa.R.Crim.P. 590, *cmt.* (emphasis added).

Our Supreme Court has explained:

Although this Court has stressed its strong preference for a dialogue in colloquies with meaningful participation by the defendant throughout, there is no set manner, and no fixed terms, by which factual basis must be adduced. Moreover, while the Court has admonished that a complete failure to inquire into any one of the six[5] mandatory subjects [in the comment to Rule 590] generally requires reversal, . . . in determining the availability of a remedy in the event of a deficient colloquy, it has in more recent cases moved to a more general assessment of the knowing, voluntary, and intelligent character of the plea, **considered on the totality of the circumstances**.

***Commonwealth v. Flanagan***, 854 A.2d 489, 500 (Pa. 2004) (emphasis added).

_____

[5] At the time ***Flanagan*** was issued, the comment to Rule 590 set forth six elements.

Finally, we note the pertinent elements of retail theft: "A person is guilty of theft if [s]he unlawfully takes, or exercises unlawful control over, movable property of another with intent to deprive him thereof." 18 Pa.C.S. 3921(a).

After a thorough review of the record, the parties' briefs, the relevant law, and the well-reasoned opinion of the trial court, we conclude there is no merit to Appellant's first issue, and we affirm on the basis of the court's opinion. *See* Trial Ct. Op. at 3-4 (finding: (1) although the "lengthy" oral plea colloquy did not "include the specific phrase 'presumption of innocence[,]'" the colloquy was proper under the totality of the circumstances; (2) court properly informed Appellant she had a right to a jury trial, which required a unanimous verdict to find her guilty; (3) court informed Appellant that the Commonwealth bore the burden of proving her guilt beyond a reasonable doubt; (4) Appellant acknowledged she saw the criminal complaint and she understood "it formed the foundation of the case against her" and "there were facts that would support [the] charge;" (5) Appellant affirmatively pleaded guilty, where, after asking the court "what [her] paperwork is going to say," the court responded the files would state that she pleaded guilty to retail theft, a felony of the third degree, and Appellant stated, "Okay."). Thus, we do not disturb the trial court's "find[ing] that [Appellant] entered her guilty plea knowingly, willingly, and intelligently." *See id.* at 4.

In her second issue, Appellant asserts the plea and sentencing hearing "were conducted remotely," with her appearing *via* videoconference, "without

- 13 -

her consent." Appellant's Brief at 25. At this juncture, we **grant** Appellant's application for this Court to take judicial notice of: (1) the Pennsylvania Supreme Court's March 16, April 1, and April 28, 2020, orders pertaining to the COVID-19 statewide judicial emergency; and (2) the Washington County Court of Common Pleas President Judge's April 23, 2020, order, likewise pertaining to the COVID-19 pandemic. **See** Appellant's Application for Judicial Notice at 1-2.

Appellant challenges the trial court's reliance, on the pandemic-related orders, for conducting the plea hearing partially remotely, with Appellant appearing *via* videoconference. She asserts the pandemic-related restrictions did not abridge her constitutional right to be present for the proceeding. Appellant's Brief at 27, *citing* **Commonwealth v. Lee**, 566 A.2d 1205, 1207 (Pa. Super. 1989) ("[I]t is a leading principle of criminal law that after indictment, nothing shall be done in the absence of the defendant, this right can be waived by the defendant's words or actions."). Here, Appellant contends, "[t]he record reveals no waiver of [Appellant's] right to be present in person . . . and the burden of proving this waiver of a constitutional right 'rests with the Commonwealth.'" Appellant's Brief at 28, *citing* **Commonwealth v. Tizer**, 684 A.2d 597, 604 (Pa. Super. 1995).

After careful review, we likewise adopt the trial court's analysis in disposing of this issue. **See** Trial Ct. Op. at 5 (reasoning: (1) on March 16, 2020, the Pennsylvania Supreme Court "granted courts across the

- 14 -

Commonwealth the right to conduct proceedings via video and telephonic means[;]" (2) "[t]his statewide judicial emergency was enacted due to the COVID-19 pandemic and driven by health[ ] and safety concerns[;]" (3) on "April 1, 2020, the Supreme Court authorized and encouraged the use of . . . communication . . . 'systems providing for two-way simultaneous communication of image and sound[;]'" and (4) pursuant to the Supreme Court's and the Washington County Court of Common Pleas' orders, the trial court was authorized to conduct Appellant's plea and sentencing hearing *via* videoconferencing).

For the foregoing reasons, we conclude no relief is due on Appellant's challenges to the validity of her guilty plea and her videoconference at the plea and sentencing hearing, two months after the Pennsylvania Supreme Court declared a statewide judicial emergency due to the COVID-19 pandemic. We thus affirm Appellant's judgment of sentence.

We direct that a copy of the trial court's August 3, 2020, opinion be filed along with this memorandum and attached to any future filings in this case.

Judgment of sentence affirmed. Appellant's "Application for Judicial Notice" granted. Appellant's "Application for Remand to File Post-Sentence Motions *Nunc Pro Tunc*" denied.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/7/2021

IN THE COURT OF COMMON PLEAS OF WASHINGTON COUNTY, PENNSYLVANIA
CRIMINAL DIVISION

COMMONWEALTH OF PENNSYLVANIA )
                             )
                             )
v. )                          )     No.    CR 2519-2019
                             )
                             )
EVELYN MCBRYDE,              )
      Defendant.             )

## TRIAL COURT OPINION PURSUANT TO Pa.R.A.P. 1925(a)

This is the Court's Pa.R.A.P. 1925(a) Opinion on the Defendant's appeal from the order

dated May 29, 2020 where she pled guilty and was sentenced by this court. Defendant, through

Attorney John Egers, filed her appeal on June 25, 2020. Attorney Egers filed his Concise Statement

on July 27, 2020.

Defendant claims that her guilty plea was not made knowingly, voluntarily and

intelligently. Specifically, the Defendant makes four claims: she was not informed of the

presumption of her innocence, she was not informed of the elements of the crime in which she

pled guilty, she was not asked if she pleaded guilty, and she did not waive her right to be present

for her guilty plea and sentencing (she did not consent to appearing via video from the Allegheny

County Jail). This Court rejects Defendant's analysis, and presents its reasoning as described

below.

## Factual Background

On May 29, 2020, the Court conducted a plea and sentencing hearing for the Defendant.

At the hearing, the Defendant was represented by Assistant Public Defender Joshua Carroll. Prior

to the hearing, Attorney Carroll spoke with the Defendant at length, both in front of the Court and

31

confidentially in the empty courtroom. From the discussion in the Court's presence, Attorney Carroll discussed the Defendant's pending cases in Washington County and Allegheny County. Further, he told the Defendant that he had spoken with her public defender in Allegheny County. After this discussion, Defendant decided to accept the plea agreement offered by the Commonwealth. The offered sentence, which the Court accepted after a lengthy colloquy, included 12 months of probation, drug and alcohol counseling, and restitution to the victim for $22.96. During the hearing, the Defendant appeared via the Court's videoconferencing platform because she was being held on other charges in the Allegheny County Jail. At the conclusion of the proceeding, the Court conducted a colloquy, and the Defendant pled guilty to one count of Retail Theft (F-3).

## Legal Analysis

A court is required to conduct "an on-the-record colloquy to be held prior to acceptance of a guilty plea." *Commonwealth v. Sutton*, 379 A.2d 107, 108 (Pa. 1977). "The purpose of such a colloquy is to assure that the defendant enters his plea knowingly, voluntarily, and intelligently." *Id.* In other terms, the colloquy is required "to insure that the defendant fully understands the nature of the crimes to which he or she is pleading guilty and the rights that are being waived by the plea." *Commonwealth v. Carter*, 656 A.2d 463, 465 (Pa. 1995). "Specifically, the court must affirmatively demonstrate the defendant understands: (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) his right to trial by jury; (4) the presumption of innocence; (5) the permissible ranges of sentences and fines possible; and (6) that the court is not bound by the terms of the agreement unless the court accepts the agreement." *Commonwealth v. Kelley*, 136 A.3d 1007, 1013 (Pa. Super. Ct. 2016). These elements are not to be analyzed in a

technical manner.[1] *Commonwealth v. Herberg*, 452 A.2d 536, 538 (Pa. Super. Ct. 1982). Rather, "the adequacy of the guilty plea colloquy and the voluntariness of the resulting plea by examining the totality of the circumstances surrounding the entry of that plea." *Commonwealth v. Muhammad*, 794 A.2d 378, 383–84 (Pa. Super. Ct. 2002).

Defendant contends that she was not informed of the presumption of her innocence. In the lengthy colloquy, the Court fails to include the specific phrase "presumption of innocence." However, failure to include the phrase "presumption of innocence" in the colloquy is not fatal for a defendant to make a valid guilty plea. *Commonwealth v. Best*, 480 A.2d 1245, 1246 (Pa. Super. Ct. 1984). Rather, courts focus on the totality of the circumstances related to the presumption of innocence. The Superior Court in *Siebert* focused on the "essential ingredients" of this element, and held:

> By informing him that the verdict must be unanimous "before a jury could find you guilty," Appellant was advised that the jury would not even have the power to find him guilty until the condition of unanimity had been fulfilled. Since a person is innocent until he has been found guilty, the foregoing phrase in the instant case conveyed the "essential ingredients" of the concept, presumption of innocence.

> *Commonwealth v. Siebert*, 451 A.2d 552, 554 (Pa. Super. Ct. 1982).

In the case *sub judice*, the Court satisfies this minimum standard. The Court informed the Defendant that she had a right to a jury trial which required a unanimous verdict to find her guilty. TR 13-16. Further, the Court informed the Defendant that the Commonwealth had the burden of proving her guilt, and that burden must be proven beyond a reasonable doubt. *Id.*

---

[1] In *Herberg*, the Superior Court quotes Justice McDermott's concurrence from *Shaffer*, "The guilty plea colloquy has become almost symbolic of the worship of technicality over substance, and is, where not ridiculous, tragic." *Commonwealth v. Shaffer*, 446 A.2d 591, 598 n.4 (Pa. 1982).

3

Defendant contends that she was not informed of the elements of retail theft, and therefore the Court failed to inform her of the "nature of the charges." However, a recitation of the individual elements is not required.[2] *Commonwealth v. Martinez*, 453 A.2d 940, 943 (Pa. 1982). Once again, upon review, the appellate courts examine the totality of the circumstances concerning this element. *Commonwealth v. Martinez*, 453 A.2d 940, 942 (Pa. 1982).

In the present case, during the lengthy colloquy, the Defendant was asked if she had seen the Criminal Complaint that was filed against her. Additionally, she was asked if she understood that it formed the foundation of the case against her. Further, she was asked if she acknowledged that there were facts that would support this charge. To all three consecutive questions, she answered, "Yes." TR 14-15. Later in the colloquy, the Court conducted a lengthy explanation of the State Sentencing Guidelines and described the maximum penalty for her single charge. TR 16. The Criminal Complaint includes not only the elements of the charged crime but also the Affidavit of Probable Cause. Therefore, Defendant was aware of the nature of the charges prior to pleading guilty.

Defendant claims that the Court failed to ask whether she pled guilty to the charge of retail theft. This is simply incorrect. At the conclusion of the lengthy colloquy, the Defendant asked the Court, "[C]ould you tell me what my paperwork is going to say...when it goes into my file?" The Court responds, "That you pled guilty to a felony of the third degree, retail theft..." To this, the Defendant responds, "Okay." TR 20. Consequently, the trial court finds that the Defendant entered her guilty plea knowingly, willingly and intelligently.

---

[2] "[W]hether a defendant is aware of the nature of the offenses depends on the totality of the circumstances, and a plea will not be invalidated premised solely on the plea court's failure to outline the elements of the crimes at the oral colloquy." *Commonwealth v. Morrison*, 878 A.2d 102, 108 (Pa. Super. Ct. 2005).

4

Defendant contends that her physical presence was not properly waived, and she never consented to conducting her plea and sentencing hearing via videoconference. However, on March 16, 2020, the Supreme Court of Pennsylvania granted courts across the Commonwealth the right to conduct proceedings via video and telephonic means. This statewide judicial emergency was enacted due to the COVID-19 pandemic and driven by healthy and safety concerns. In a subsequent order dated April 1, 2020, the Supreme Court authorized and encouraged the use of advanced communication technology by allowing "systems providing for two-way simultaneous communication of image and sound." The videoconferencing platform used to conduct Defendant's plea and sentencing hearing complies with this definition. On April 28, 2020, the Supreme Court extended the judicial emergency, and all prior orders, through June 1, 2020.[3] Pursuant to the emergency orders of the Supreme Court of Pennsylvania and the Washington County Court of Common Pleas, the Court was authorized to conduct the Defendant's plea and sentencing hearing via the videoconferencing platform.

For the above-mentioned reasons, the trial court respectfully request that the Superior Court dismiss the Defendant's appeal.

BY THE COURT,

Gary Gilman, Judge      8/3/20

---

[3] Additionally, on April 23, 2020, President Judge Katherine B. Emery extended the judicial emergency through the end of the business day on May 29, 2020 and provided greater clarification on the operation of the Washington County Court of Common Pleas. Specifically referencing "THE PREFERENCE is for the continued use of advanced communications technology to conduct non-essential matters."

5